IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. SAG-22-206 |
| ZIYON THOMPSON, | : | |
| Defendant | : | |

### MOTION FOR EXCLUSION OF TIME FROM SPEEDY TRIAL COMPUTATIONS

The United States of America, by and through undersigned counsel, hereby moves this Court as follows:

1. The Speedy Trial Act, 18 U.S.C. § 3161, requires that a defendant be brought to trial within 70 days of indictment or initial appearance. The Act does provide for various circumstances under which the computation of time may be excluded. 18 U.S.C. § 3161(h).

2. On June 8, 2022, Ziyon Thompson was arrested on a federal complaint charging violations of conspiracy to distribute and possess with intent to distribute controlled substances (21 U.S.C. § 846); interference with commerce by extortion (18 U.S.C. § 1951); and use of a firearm during and in relation to a drug trafficking crime (18 U.S.C. § 924(c)). ECF 1. He had an initial appearance the same day and consented to detention. ECF 7 and 10.

3. On June 15, 2022, a grand jury sitting in the District of Maryland indicted the Defendant on these three charges, adding use of firearm resulting in death, in violation of 18 U.S.C. § 924(j). ECF 17.

4. The Defendant had his initial appearance and arraignment on the Indictment on July 7,

1

2022.   ECF 19 and 20.   The Court also continued the order of detention.[1]

5. The Government produced the first round of discovery prior to July 7, 2022, and has since made at least four other productions.

6. There are no dates scheduled in this matter.

7. The Government previously requested to exclude time from the speedy trial clock through September 5, 2023.   The Government now requests an additional exclusion.   The circumstances of this case permits such a delay and an exclusion of time during this period.   Periods of delay that extend the time within which trial should commence include delays granted by the Court based on a finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant's right in a speedy trial.   18 U.S.C. § 3161(h)(7)(A).   In this case, the requested extension of time will give the parties time to review the Pre-Plea Report issued on July 12, 2023, and further discuss a plea in this matter.   A plea disposition would serve the interests of justice because it would allow the parties to enter into a mutually acceptable and beneficial disposition and would also preserve the resources that might otherwise be expended in a trial.   Therefore, in this case the ends of justice served by extending the computation of time under the Speedy Trial Act outweigh the interests of the defendant, and the public, in a speedy trial, and the resulting delay is permissible pursuant to 18 U.S.C. § 3161(h)(7).

8. Further, defense counsel is set to start a trial on or about September 11, 2023; government counsel is set for a two-month trial beginning October 16, 2023.

9. Counsel for the Defendant consents to the filing of this motion.

Wherefore, the United States, through undersigned counsel, hereby requests that the

---

[1] The Defendant had a detention hearing January 20, 2023.   The Court ordered continued detention.   ECF 35.

Court issue an Order providing for the requested exclusion of time from September 5, 2023 through December 15, 2023.

      A proposed Order is attached herein.

                                          Respectfully submitted,

                                          Erek L. Barron  
                                          United States Attorney

                By:          /s/  
                                          Patricia McLane  
                                          Assistant United States Attorney

Filed ECF: August 29, 2023

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| v. | :   CRIMINAL NO. SAG-22-206 |
| **ZIYON THOMPSON,** | : |
| **Defendant** | : |

## ORDER

Upon consideration of the Government's Motion for Exclusion of Time from Speedy Trial Computations, the Court finds as follows:

The parties need time to engage in plea negotiations after reviewing the July 2023 Pre-Plea Report.

A plea disposition would serve the interests of justice because it would allow the parties to enter into a mutually acceptable and beneficial disposition and would also preserve the resources that might otherwise be expended in a trial.

The circumstances of this case permit such a delay and an exclusion of time during this period.   Periods of delay that extend the time within which trial should commence include delays granted by the Court on the basis of a finding that the ends of justice are served by taking such action outweigh the best interest of the public and the Defendant in a speedy trial.   18 U.S.C. § 3161(h)(7)(A).

In addition, counsels for both the Defendant and the government will be in an unrelated trials between September and December 2023.

Finally, counsel for the Defendant consents to the request.

Therefore, because the interest of justice served by such a delay outweighs the interests of the defendant and the public in a speedy trial, the period from September 5, 2023, through December 15, 2023, is excluded from computation under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7).

IT IS HEREBY ORDERED pursuant to 18 U.S.C. § 3161(h)(7), that the period from September 5, 2023, through December 15, 2023, shall be excluded from computation under the Speedy Trial Act; and

The Clerk of the Court shall mail a copy of this Order to all counsel of record.

_____                         _____
Date                                             The Honorable Stephanie A. Gallagher
                                                 United States District Judge