KSC/10.28.24

PCM: USAO 2022R00304

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. SAG-22-206 |
| | * | |
| ZIYON THOMPSON, | * | (Interference with Commerce by |
| | * | Extortion, 18 U.S.C. § 1951(a); |
| Defendant | * | Conspiracy to Possess with the Intent |
| | * | to Distribute a Controlled Substance, |
| | * | 21 U.S.C. § 846; Use of a Firearm |
| | * | Resulting in Death During and in |
| | * | Relation to a Drug Trafficking Crime, |
| | * | 18 U.S.C. §§ 924(c) and (j); |
| | * | Kidnapping Resulting in Death, 18 |
| | * | U.S.C. § 1201(a)(1)(2); Interstate |
| | * | Communications with Intent to Extort, |
| | * | 18 U.S.C. § 875(a); Possession of a |
| | * | Firearm by a Prohibited Person, 18 |
| | * | U.S.C. § 922(g); Aiding and Abetting, |
| | * | 18 U.S.C. § 2; Forfeiture, 18 U.S.C. |
| | * | §§ 924(d) and 981(a)(1)(C), 21 U.S.C. |
| | * | § 853, and 28 U.S.C. § 2461(c)) |
| | * | |
| | * | |

*******

## SUPERSEDING INDICTMENT

### COUNT ONE
**(Interference with Commerce by Extortion)**

The Grand Jury for the District of Maryland charges that:

On or about May 8, 2022, in the District of Maryland, the defendant,

**ZIYON THOMPSON,**

did knowingly attempt to obstruct, delay, and affect commerce and the movement of articles and commodities in commerce by extortion, as those terms are defined in Title 18, United States Code, Section 1951, that is, the defendant attempted to obtain the property of Miguel Soto-Diaz, with his

consent induced by the wrongful use of force, violence, and fear.

18 U.S.C. § 1951(a)
18 U.S.C. § 2

## COUNT TWO
**(Conspiracy to Possess with the Intent to Distribute a Controlled Substance)**

The Grand Jury for the District of Maryland further charges that:

In or around March 2022 through May 2022, in the District of Maryland, the defendant,

**ZIYON THOMPSON**,

did knowingly combine, conspire, confederate, and agree with persons known and unknown to the Grand Jury to distribute and possess with the intent to distribute 100 kilograms or more of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance, in violation of 21 U.S.C. § 841.

21 U.S.C. § 846

## COUNT THREE
**(Use of a Firearm Resulting in Death During and in Relation to a Drug Trafficking Crime)**

The Grand Jury for the District of Maryland further charges that:

On or about May 8, 2022, in the District of Maryland,

### ZIYON THOMPSON,

did knowingly use, carry, brandish, and discharge a firearm during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, namely, conspiracy to distribute controlled substances, in violation of Title 21 of the United States Code, Section 846, and during and in relation to that crime did cause the death of a person, Miguel Soto-Diaz, through the use of a firearm, which killing constituted murder, as defined in Title 18 of the United States Code, Section 1111.

18 U.S.C. § 924(c) and (j)
18 U.S.C. § 2

## COUNT FOUR
### (Kidnapping Resulting in Death)

The Grand Jury for the District of Maryland further charges that:

On or about May 8, 2022, in the District of Maryland,

**ZIYON THOMPSON,**

did unlawfully and willfully seize, confine, kidnap, abduct, inveigle, carry away and hold Migel Soto-Diaz, for ransom, to wit: money and marijuana, and in committing or in furtherance of the commission of the offense, used a cellphone, a means, facility and instrumentality of interstate or foreign commerce, and the actions of Ziyon Thompson resulted in the death of Miguel Soto-Diaz.

18 U.S.C. § 1201(a)(1)(2)
18 U.S.C. § 2

## COUNT FIVE
### (Interstate Communications with Intent to Extort)

The Grand Jury for the District of Maryland further charges that:

On or about May 8, 2022, in the District of Maryland,

**ZIYON THOMPSON,**

knowingly and with the intent to extort, did transmit in interstate and foreign commerce from Baltimore City, in the State of Maryland, to the State of California, telephone calls and text messages, to A.M., and the communication contained a demand and request for money and marijuana as ransom and reward for the release of Miguel Soto-Diaz, who had been kidnapped.

18 U.S.C. § 875(a)

## COUNT SIX
### (Possession of a Firearm by a Prohibited Person)

The Grand Jury for the District of Maryland further charges that:

On or about June 3, 2022, in the District of Maryland,

**ZIYON THOMPSON,**

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm and ammunition, that is, a LWRC International M61C rifle, bearing serial number 2311598; and 99 rounds of 5.56mm ammunition; and the firearm and ammunition were in and affecting commerce.

18 U.S.C. § 922(g)

## FORFEITURE

The Grand Jury for the District of Maryland further charges that:

1. Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the Defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. §§ 924(d) and 981(a)(1)(C), 21 U.S.C. § 853, and 28 U.S.C. § 2461(c), in the event of the Defendant's conviction under Counts One through Six of this Superseding Indictment.

### Extortion Forfeiture

2. Upon conviction of the offense(s) alleged in Counts One or Five of this Superseding Indictment, the Defendant,

**ZIYON THOMPSON,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to such offense(s).

### Narcotics Forfeiture

3. Upon conviction of the offense alleged in Count Two of this Superseding Indictment, the Defendant,

**ZIYON THOMPSON,**

shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a):

    a. any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offense; and

    b. any property used, or intended to be used, in any manner or part, to commit or to facilitate the commission of such offense.

### Kidnapping Forfeiture

4. Upon conviction of the offense alleged in Count Four of this Superseding Indictment, the Defendant,

**ZIYON THOMPSON,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to such offense.

### Firearms and Ammunition Forfeiture

5. Upon conviction of the offense(s) alleged in Counts One, Three, Four, or Six of this Superseding Indictment, the Defendant,

**ZIYON THOMPSON,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearms and ammunition involved in such offense(s).

### Property Subject to Forfeiture

6. The property to be forfeited includes but is not limited to:

   a. a LWRC International M61C rifle, bearing serial number 2311598; and

   b. approximately 99 rounds of 5.56mm ammunition.

### Substitute Assets

7. If, as a result of any act or omission of the Defendant, any of the property described above as being subject to forfeiture:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third person;

   c. has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property up to the value of the forfeitable property described above pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

18 U.S.C. § 924(d)
18 U.S.C. § 981(a)(1)(C)
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

Erek L. Barron
United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**

Foreperson

10-30-24
Date