IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIM. NO. SAG-22-206 |
| | * | |
| ZIYON THOMPSON, | * | |
| | * | |
| Defendant. | * | |
| | * | |

**GOVERNMENT'S MOTION FOR VICTIMS TO ATTEND THE DEFENDANT'S
SENTENCING HEARING BY TELEPHONE OR VIDEO**

The United States of America moves this Court to allow the victim's wife and stepson to attend the sentencing hearing on June 3, 2025, at 9:30 a.m. by telephone or video conference.

1. Crime victims are individuals who are directly and proximately harmed by crime. 18 U.S.C. § 3771(e)(2)(A). In the case of a victim who is deceased, family members qualify as a crime victim. 18 U.S.C. § 7771(e)(2)(B). Thus, the victim's wife and stepson are also crime victims.

2. The victims live out of state. They wish to attend and observe the sentencing hearing; further, they may want to participate by delivering their impact statement orally to the Court. Traveling to attend the sentencing would be a hardship.

3. Under the Crime Victims' Rights Act (CVRA), crime victims have a statutory "right not to be excluded from any … public court proceeding, unless the court, after receiving clear and convincing evidence, determines that testimony by the victim would be materially altered if the victim heard other testimony at that proceeding." 18 U.S.C. § 3771(a)(3), (b)(1). The CVRA directs both the courts and officers and employees of the Department of Justice engaged in the detection, investigation, or prosecution of crime to undertake their bet efforts to accord victims their enumerated rights. 18 U.S.C. § 3771(b), (c)(1). The CVRA also commands courts to "make every effort to permit the fullest attendance possible" by victims. 18 U.S.C. § 3771(b)(1).

4. Like the CRVA, Federal Rule of Criminal Procedure 60(a)(2) accords victims the right to attend proceedings and further commands that courts "must make every reasonable alternatives to exclusion. The reason for exclusion must be clearly stated on the record." *See also* 8 U.S.C. § 3771(b)(1).

5. Allowing the wife and stepson to attend the sentencing hearing by telephone or video conference is a reasonable alternative to excluding them from the proceeding.

6. While broadcasting criminal proceedings is prohibited by Federal Rule of Criminal Procedure 53, allowing the victims to attend remotely is not broadcasting. To broadcast is to make something widely known or to send out or transmit through radio or television or by streaming over the internet. Because this request is limited to a very small, defined class of individuals and it does not seek to make the proceeding generally accessible to the public through radio. television, or the internet, it is not a request to broadcast the proceeding within the meaning of Rule 53.

7. If the Court has any concerns about the possible recording of the proceeding, the United States agrees that it would be appropriate for the Court to order that any person listening refrain from recording it.

THEREFORE, the United States requests that the Court accommodate the attendance of the victims at the sentencing hearing in this matter by allowing their access through telephone or video conferencing.

                                              Respectfully Submitted,

                                              Kelly O. Hayes
                                              United States Attorney

By:      /s/
                                              Patricia McLane
                                              Alexander Kalim
                                              Assistant United States Attorneys